Bell, J.
The single issue raised by this appeal is whether the five switch gears, the two interrupter switches and the cable-splicing compartment are used “directly in the production of tangible personal property for sale by manufacturing,” within the meaning of this exception of retail sales contained in Section 5739.01, Revised Code.
If administrative officers are to preserve any measure of consistency in their rulings and if the lawyers of Ohio are to be able to advise their clients with any degree of confidence, it is necessary that certain standards be established by which they may be guided. In Powhatan Mining Co. v. Peck, Tax Commr., 160 Ohio St., 389, 116 N. E. (2d), 426, this court, speaking through Judge Taft, stated the proposition as follows:
“What may appear to one person to be a direct use in a particular case may appear to another equally intelligent and reasonable person not to be a direct use. This probably explains many of the differences of opinion which have been exhibited by the decisions of this court in determining whether, in a particular case, a direct use was or was not involved. However, if the question as to whether a direct use is involved is allowed to depend upon the facts and circumstances of each case, without reference to decisions rendered in other cases, this court will be merely contributing to the confusion caused by the ambiguous statutory Avord ‘directly.’ Our aim should be to remove that ambiguity. This can only be done by endeavoring to make each decision rendered consistent with previous decisions rendered. The result may be what will seem to reasonable and intelligent persons to represent the draAving of artificial and arbitrary boundaries or lines. HoAvever, such boundaries or lines should be helpful as a guide to those charged with the administration of the tax laAvs and to members of the bar, who must advise their clients as to the meaning of those laivs.
“We believe that our previous decisions have generally recognized that, where the principal use of property claimed to be used ‘directly in’ a particular activity is in transportation to or from that activity, as distinguished from transportation *577 which is a part of that activity or between essential steps of that activity, snch use is not ‘directly in’ snch activity within the meaning of Sections 5546-1 and 5546-25, General Code. TriState Asphalt Corp. v. Glander, Tax Commr., supra [152 Ohio St., 497, 90 N. E. (2d), 366], and American Compressed Steel Corp. v. Peck, Tax Commr., supra [160 Ohio St., 207, 115 N. E. (2d), 153].”
The only way in which electrical energy can be moved from one place to another in a manner to make it useable at its destination is by means of wires and mechanical devices used incidental thereto. Thus the movement of electrical energy through such wires and mechanical devices for use in a manufacturing process is “transportation” of that energy just as the movement of gas through pipes or the hauling of oil in tank trucks is transportation of those items.
Electrical energy here is carried or transported through the electrical devices under consideration at a voltage that is not useable for the manufacturing process conducted. And it remains unuseable after passing through this equipment until it passes through transformers immediately ahead of the welding machines. It is only after it passes through the transformers that the energy is used “directly” in the manufacturing process. Thus the transportation of the energy up to the time it reaches the transformers is outside the limits of direct use in manufacturing, as set by this court in the Powhatan Mining Co. case, supra,, and eases cited therein.
The case of Bailey v. Evatt, Tax Commr., 142 Ohio St., 616, 53 N. E. (2d), 812, relied on by the Board of Tax Appeals, was distinguished from the cases cited herein in the Powhatan Mining Co. case. As so distinguished it does not militate against the conclusion reached herein.
The decision of the Board of Tax Appeals is reversed so far as it finds excepted from taxation the purchases of the switch gears, cable-splicing compartment and interrupter switches.

Decision reversed in part.

Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.